IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PAUL TRANTHAM** | : |
| **2345 Skyland Pl SE #826** | : |
| **Washington, D.C. 20020** | : |
| | : |
|     **Plaintiff,** | : |
| | : |
|     v. | :   Case No: _____ |
| | : |
| | : |
| **PRINCE GEORGE'S COUNTY, MD** | : |
| <u>**Serve:**</u> | : |
| **Rhonda L. Weaver, Esq.** | : |
| **Prince George's County Attorney** | : |
| **14741 Governor Oden Bowie Drive** | : |
| **Room 5121** | : |
| **Upper Marlboro, MD 20772-3050** | : |
| | : |
| **CORPORAL MELVIN R. FULTON #3593** | : |
| **Individually, and in his Official Capacity** | : |
| **As a Prince George's County Police** | : |
| **Officer** | : |
| **7600 Barlowe Road** | : |
| **Landover, Maryland 20785** | : |
| | : |
| And | : |
| | : |
| **OFFICER IBRAHIM IGE  #4046** | : |
| **Individually, and in his Official Capacity** | : |
| **As a Prince George's County Police** | : |
| **Officer** | : |
| **7600 Barlowe Road** | : |
| **Landover, Maryland 20785** | : |
| | : |
|     **Defendants** | : |

## **COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Paul Trantham, by and through the undersigned counsel, brings this complaint seeking relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth Amendment and Fourteenth Amendment to the United States Constitution, the Maryland Declaration of Rights, and common law torts recognized in the State of Maryland.

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the claim herein pursuant to 28 U.S.C. §§ 1331, 1343 (a)(4) based on 42 U.S.C. § 1983 and questions of federal constitutional law. Supplemental jurisdiction over Plaintiff's state law claims is pursuant to 28 U.S.C. § 1367.

2. Venue herein is proper under 28 U.S.C. § 1391 (b).

## PARTIES

3. Plaintiff Paul Trantham is a resident of Washington, District of Columbia.

4. Defendant Prince George's County, Maryland is a municipal corporation organized under the provisions of Art. XI-A of the Maryland Constitution and maintains the Prince George's County Police Department.

5. Defendant Officer Melvin R. Fulton #3593 is employed by Prince George's County as a sworn police officer. At all times relevant hereto, Officer Fulton was an agent, servant and employee of Defendant Prince George's County, Maryland, and acted within the scope of his employment with Prince George's County, Maryland.

6. Defendant Officer Ibrahim Ige #4046 is employed by Prince George's County as a sworn police officer. At all times relevant hereto, Officer Fulton was an agent, servant and employee of Defendant Prince George's County, Maryland, and acted within the scope of his employment with Prince George's County, Maryland.

## NOTICE

7. Plaintiff, pursuant to Cts. & Jud. Proc. § 5-304(b), notified Defendant Prince George's County of the tort claims arising from the allegations stated below in a letter dated November 22, 2018.

## **FACTS**

8. On December 19, 2017, at or around midnight, Plaintiff Paul Trantham was driving southbound on Indian Head Highway, in Prince George's County, Maryland on his way home after spending time with his uncle.

9. At approximately 12:21 AM, Corporal Melvin Fulton noticed Plaintiff Trantham allegedly swerving in between lanes on the two-lane road.

10. Soon thereafter, Corporal Fulton pulled his vehicle alongside Plaintiff's vehicle at a stop light and shined his flashlight on Plaintiff to check on Plaintiff's welfare to make sure Plaintiff was not having a medical emergency, after noticing that Plaintiff was allegedly falling asleep.

11. Corporal Fulton tapped his air horn which allegedly caused Plaintiff Trantham to sit up and pick his nose.

12. Corporal Fulton allegedly rolled down his window and told Plaintiff to pull his car over.

13. When the stop light turned green, Plaintiff Trantham slowly drove in the right lane and put on his indicator to pull over. At this time, Corporal Fulton had not turned on his emergency lights.

14. Plaintiff continued driving southbound for approximately a block and a half before Corporal Fulton put on his emergency lights. Soon thereafter, Plaintiff Trantham pulled over into a nearby parking lot at the 5100 block of Indian Head Highway at approximately 12:22 AM.

15. Upon stopping Plaintiff, Corporal Fulton stepped outside of his patrol car and approached Plaintiff's vehicle.

16. Corporal Fulton allegedly smelled odor of alcohol on Plaintiff's person.

17. Corporal Fulton asked Plaintiff if he had been drinking. Plaintiff responded that he drank two Heineken beers earlier in the evening.

18. Corporal Fulton allegedly asked Plaintiff if he would be willing to take a field sobriety test, but Plaintiff refused. However, upon information and belief, Corporal Fulton did not actually ask Plaintiff to take a sobriety test.

19. Corporal Fulton asked Plaintiff to exit the vehicle and Fulton patted down Plaintiff.

20. Other police officers arrived to secure the scene and search Plaintiff's vehicle, including Corporal Torres #2865, who Corporal Fulton alleges tried to keep Plaintiff calm due to Plaintiff allegedly shouting at Corporal Fulton.

21. Plaintiff was then placed in handcuffs while officers searched Plaintiff's vehicle without Plaintiff's consent.

22. Soon thereafter, Plaintiff was transported to the District IV Police Station in Prince George's County.

23. Upon arriving at the police station, Plaintiff Trantham was placed in an interrogation room with Corporal Fulton and Officer Ibrahim Ige. At no time while in custody of the Prince George's County police was Plaintiff Trantham read his *Miranda* rights.

24. Plaintiff Trantham remained handcuffed as he was sitting on a bench in the interrogation room.

25. Plaintiff Trantham was asked if he was willing to take a breathalyzer test, but Plaintiff refused because he believed he did nothing wrong and was wrongfully arrested.

26. Plaintiff Trantham informed Corporal Fulton and Officer Ige that he is a diabetic and needed to immediately go to the restroom because his condition causes him to have weak bladder control.

27. Corporal Fulton acknowledged hearing Plaintiff's request but refused to allow Plaintiff to go to the restroom.

28. Approximately five to seven minutes later, no longer able to control his bladder, Plaintiff Trantham urinated on himself while still sitting on the bench with his hands cuffed.

29. Officer Ige said to Plaintiff Trantham, "Look at you. You urinated on the floor."

30. Plaintiff Trantham was at the time wearing a black business suit jacket and slacks, which were now soaked in his own urine.

31. Plaintiff Trantham again told the officers that he was a diabetic and requested again to go to the restroom.

32. Officer Ige and Corporal Fulton picked up Plaintiff Trantham by the arms and finally escorted Plaintiff to the restroom.

33. Officer Ige went into the restroom with Plaintiff Trantham and removed one handcuff off Plaintiff's right wrist and assisted Plaintiff with unbuckling his belt and pants. Officer Ige then left the restroom and the door slammed behind him.

34. Plaintiff Trantham was sitting on the toilet for no more than five minutes before Corporal Fulton and Officer Ige began loudly knocking on the door and demanding Plaintiff come out of the bathroom. However, Plaintiff was not finished using the restroom, as he was doing "number two."

35. Frustrated by the officers not allowing him more time to finish using the restroom, Plaintiff began yelling through the door at the officers asking for their supervisor to

complain about how he was being treated and directed vulgar language toward the police officers.

36. Officer Ige and Corporal Fulton entered the restroom and picked up Plaintiff Trantham off the toilet, pulled up his pants, put both of his hands in handcuffs and placed Plaintiff back on the bench. Plaintiff was not able to clean himself or wash his hands after using the restroom.

37. At approximately, 3:00 AM, Plaintiff Trantham was transported to Upper Marlboro Department of Corrections ("DOC") for processing.

38. As Corporal Fulton entered the police vehicle to transfer Plaintiff Trantham, he told Officer Ige not to worry because "I've been sued before. Ain't nothing happened."

39. Upon information and belief, Corporal Fulton was speaking about the 2016 case, *Ramirez-Flores, et. al. v. Prince George's County, MD, et. al.*, CAL 16-30694 in the Circuit Court for Prince George's County, Maryland. In this case, Corporal Fulton was accused of illegally stopping and searching a motorist with a race/ethnicity-based pretextual stop. Additionally, Corporal Fulton was accused of touching the female passenger in a sexually inappropriate way.

40. Plaintiff Trantham was charged with resisting arrest, driving while intoxicated, driving while impaired by alcohol & drugs, driving under the influence, and three other minor traffic violations.

41. Plaintiff Trantham did not sleep at all in the early morning hours and remained in the same suit in which he urinated on himself.

42. Later that afternoon, Plaintiff Trantham had his initial appearance in front a Commissioner in the District Court of Maryland for Prince George's County and was released on Three Thousand Dollars ($3,000) unsecured bond.

43. Upon information and belief, the next day, the Chief of the Prince George's County Police at that time, Hank Stawinski, authorized the release of the video of Plaintiff Trantham directing vulgar language to Corporal Fulton, Officer Ige and other Prince George's County police officers while he was in the police station restroom to the local media.

44. At the time of the incident, Plaintiff Trantham was a Commissioner with the Advisory Neighborhood Commission of Ward Eight in Washington, D.C.

45. After release of the video, Plaintiff was terminated from his employment as a driver with Pope Funeral Homes in Washington, D.C. Plaintiff was told by his employer that Plaintiff was terminated because of the media coverage of Plaintiff's arrest and alleged bad behavior in the police station restroom.

46. Consequently, Plaintiff's termination was proximately caused by Corporal Fulton, Officer Ige, and the Prince George's County Police Department because of the unlawful stop, unlawful search and unlawful arrest of Plaintiff Trantham, and exaggerated or outright falsehoods told to media regarding Plaintiff's behavior while in custody of the Prince George's County Police.

47. On September 24, 2018, in the Circuit Court of Prince George's County, during a motion to suppress hearing, the Court determined that Corporal Fulton's stop of Plaintiff Trantham was unlawful. Thereafter, the State's Attorney for entered the charges as *nolle prosequi*.

48. Plaintiff Trantham continues to struggle regaining full-time employment due to his arrest and subsequent media coverage surrounding the incident.

49. As a direct and proximate result of Defendants' conduct described herein, Plaintiff Trantham suffered and continues to suffer from embarrassment, humiliation, and emotional distress.

## COUNT I
### Violation of the Fourth and Fourteenth Amendments – 42 U.S.C. § 1983
### (Defendant Corporal Fulton, Defendant Officer Ige and Defendant Prince George's County)

50. Plaintiff adopts and incorporates all allegations contained in each of the foregoing paragraphs as if fully restated herein.

51. Defendants deprived Plaintiff of his civil, constitutional, and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

52. Defendants violated Plaintiff's Fourth Amendment rights and rights enforced against the States through the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from unreasonable search and seizure of his person and property by unlawfully stopping Plaintiff's vehicle, and searching his person and vehicle without consent or the requisite probable cause.

53. On December 19, 2017, Defendant Corporal Fulton had had no articulable facts to support probable cause that Plaintiff Trantham had engaged in, was in the process of engaging, or was about to engage in a violation of the law.

54. Defendant Corporal Fulton and unknown Prince George's County police officers stopped and searched Plaintiff Trantham while acting under color of Maryland law, which

violated Plaintiff's rights under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution and is liable to Plaintiff under 42 U.S.C. § 1983.

55. Plaintiff Trantham suffered damages, including economic and non-economic injuries as a consequence of these violations.

## COUNT II
### Violation of Article 24 of the Maryland Declaration of Rights – Deprivation of Liberty and Excessive Force
**(Defendant Corporal Fulton, Defendant Officer Ige and Defendant Prince George's County)**

56. Plaintiff adopts and incorporates all allegations contained in each of the foregoing paragraphs as if fully restated herein.

57. Corporal Fulton and other unknown Prince George's County police officers unjustifiably deprived Plaintiff Trantham of his liberty when such officers stopped, detained, and arrested Plaintiff Trantham in violation of his rights to due process and to be free from unreasonable restrictions on his liberty.

58. Corporal Fulton and other unknown Prince George's County police officers unjustifiably deprived Plaintiff Trantham of his due process when the officers searched Plaintiff Trantham's person and vehicle without consent or probable cause in violation of Plaintiff Trantham's rights.

59. Corporal Fulton and Officer Ige used unreasonable, unnecessary, and excessive force in their treatment of Plaintiff Trantham. Specifically, refusing Plaintiff Trantham an opportunity to use the restroom after Plaintiff informed the officers of his medical condition and thus forcing Plaintiff to urinate on himself. Additionally, forcing Plaintiff out of the restroom while he was still relieving himself and not allowing Plaintiff to clean himself prior to leaving the restroom.

60. At all times relevant hereto, Corporal Fulton, Officer Ige, and other unknown Prince George's County police officers acted with ill will and malice.

61. As a direct and proximate cause of the actions described above, Plaintiff Trantham suffered embarrassment, humiliation, indignity, and emotional distress.

62. At all times relevant hereto, Corporal Fulton, Officer Ige, and other Prince George's County police officers were acting under color of law in their official capacities as Prince George's County police officers.

## COUNT III
### False Imprisonment
### (Corporal Fulton and Officer Ige)

63. Plaintiff adopts and incorporates all allegations contained in each of the foregoing paragraphs as if fully restated herein.

64. Without probable cause or legal justification, Corporal Fulton unlawfully stopped and falsely imprisoned Plaintiff Trantham.

65. During the search of Plaintiff Trantham's vehicle, Plaintiff Trantham was handcuffed and his freedom of movement was intentionally and unlawfully restricted and he was unable to leave.

66. Plaintiff Trantham was then arrested and brought to the police station and Corporal Fulton and Officer Ige kept Plaintiff handcuffed and Plaintiff's freedom of movement was intentionally and unlawfully restricted and Plaintiff was not free to leave.

67. As a direct and proximate result of Plaintiff Trantham's false imprisonment, Plaintiff Trantham suffered and continues to suffer from mental anguish, humiliation, embarrassment, and emotional distress.

## COUNT IV
### Failure to Train or Supervise – 42 U.S.C. § 1983
### Negligent Failure to Train and Supervise – Article 24 of the Maryland Declaration of Rights
**(Prince George's County, Maryland)**

68. Plaintiff adopts and incorporates all allegations contained in each of the foregoing paragraphs as if fully restated herein.

69. Defendant Prince George's County, through the Prince George's County Police Department, owes a duty to Plaintiff to prevent the unlawful loss of liberty and excessive force sustained by the Plaintiff.

70. At all relevant times, Corporal Fulton worked for the Prince George's County Police Department.

71. Defendant Prince George's County should have been aware of the 2016 lawsuit, *Ramirez-Flores, et. al. v. Prince George's County, MD, et. al.*, CAL 16-30694, in which Corporal Fulton was a defendant being accused of similar constitutional violations under the color of law and in the scope of his employment with Prince George's County.

72. Given this previous case and the allegations thereof, it should have been foreseeable that Corporal Fulton could engage in another unlawful search, seizure and false arrest during a traffic stop in violation of Plaintiff's constitutional rights.

73. Despite knowledge of this previous case, Defendant Prince George's County failed to properly supervise Corporal Fulton's conduct, failed to provide training to Corporal Fulton to prevent such conduct, and also retained his employment, allowing Defendant Fulton to harm Plaintiff Trantham.

74. Defendant Prince George's County's failure to properly supervise and train Defendant Fulton, and/or continuing to retain Defendant Fulton as an employee of the Prince

George's County Police constituted deliberate indifference and caused the constitutional violations and injuries complained of herein.

75. As a direct and proximate result of Defendant Prince George's County's breach of duty, Plaintiff Trantham suffered and continues to suffer from mental anguish, humiliation, embarrassment, and emotional distress.

## COUNT V
### Intentional Infliction of Emotional Distress
### (Corporal Fulton and Officer Ige)

76. Plaintiff adopts and incorporates all allegations contained in each of the foregoing paragraphs as if fully restated herein.

77. Defendants Corporal Fulton and Officer Ige acted intentionally and recklessly by refusing to allow Plaintiff Trantham to go to the restroom after Plaintiff made them aware of his health condition, which caused Plaintiff to urinate on himself, and by forcing Plaintiff out of the restroom while he was still relieving himself and not allowing Plaintiff to clean himself prior to leaving the restroom.

78. These actions would be considered extreme and outrageous to a reasonable person.

79. Defendants Corporal Fulton and Officer Ige acted with ill will and actual malice.

80. As a direct and proximate cause of the actions described above, Plaintiff Trantham suffered embarrassment, humiliation, indignity, fear, paranoia, and severe emotional distress.

## COUNT VI
### *Respondeat Superior*
### (Prince George's County, Maryland)

81. Plaintiff adopts and incorporates all allegations contained in each of the foregoing paragraphs as if fully restated herein.

82. Defendants Corporal Fulton and Officer Ige violated the rights guaranteed to Plaintiff Trantham under the United States Constitution, the common law and Constitution of the State of Maryland.

83. At all times relevant hereto, Defendants Corporal Fulton and Officer Ige were officers of the Prince George's County Police Department, itself an agency of the Prince George's County.

84. The acts of Defendants Corporal Fulton and Officer Ige alleged in this Complaint were within the scope of their employment as police officers of Prince George's County.

85. Defendant Prince George's County is liable to Plaintiff Trantham pursuant to *respondeat superior* for the tortious conduct and constitutional violations committed by Defendants Corporal Fulton and Officer Ige alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Trantham prays for judgment as follows:

a) An award of compensatory damages against Defendants Corporal Fulton, Officer Ige and Prince George's County in an amount to be determined at trial;

b) An award of punitive damages against Defendants Corporal Fulton and Officer Ige in an amount to be determined at trial;

c) An award of Plaintiff's costs and reasonable attorneys' fees in this action pursuant to 42 U.S.C. §§ 1983 and 1988;

d) An order granting such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury as to all claims so triable.

Respectfully Submitted,

/s/ Jason A. Grant
Jason A. Grant, Esq. Bar #17771
The DGO Law Group, PLLC
1775 I St. NW, Suite 1150
Washington, DC 20006
Tel: 202-587-5680
Fax: 202-318-9161
E-mail: jagrant@dgolawgroup.com
*Counsel for Plaintiff*